# United States Department of Justice

United States Attorney
Eastern District of Tennessee

Headquarters:  800 Market Street, Suite 211
Knoxville, Tennessee  37902
865.545.4167
www.usdoj.gov/usao/tne

| | |
|---|---|
| 1110 Market Street, Suite 515 | 220 West Depot Street, Suite 423 |
| Chattanooga, Tennessee  37402 | Greeneville, Tennessee  37743 |
| 423.752.5140 | 423.639.6759 |

October 29, 2024

Deborah S. Hunt, Clerk
United States Court of Appeals for the Sixth Circuit
100 E. Fifth Street, Room 540
Cincinnati, Ohio 45202

     Re:    *United States v. Gerald Campbell*, Case No. 22-5567

Dear Ms. Hunt:

Subsequent to supplemental briefing in this case, both the Second Circuit and the Eighth Circuit issued opinions that provide further support for the government's argument that the *Erlinger* error in this case is harmless.  (*See* U.S. Supp. Br. at 7-11.)

In *United States v. Saunders*, No. 23-6735-CR, 2024 WL 4533359 (2d Cir. Oct. 21, 2024), the Second Circuit held that an *Erlinger* error was harmless when the judgments and plea transcripts for the defendant's three ACCA predicates showed that he committed them "not days but *months* apart from each other—the first on or before July 9, 2005, … the second not until November 13, 2005[, and] … the third offense nearly four years later, on August 12, 2009."  *Id.* at *3 (emphasis original).

In *United States v. Robinson*, No. 23-3438, 2024 WL 4448849 (8th Cir. Oct. 9, 2024), the Eighth Circuit held that an *Erlinger* error was harmless when the record reflected that the defendant "committed his predicate offenses in 1996, 1997, 2013, and 2015 at different locations and against different victims."  *Id.* at *1.

Like the ACCA predicates at issue in *Saunders* and *Robinson*, the predicates here were committed months apart from one another and in different locations. And like the records in those cases, the record here contains no evidence that could rationally lead a jury to doubt that Campbell's predicates were committed on different occasions. Thus, just like the Second Circuit in *Saunders* and the Eighth Circuit in *Robinson* who found the *Erlinger* errors in those cases harmless, the Court here should find that it is "clear beyond a reasonable doubt that, had a rational jury been asked to conduct the occasions inquiry, it would have found that Campbell's ACCA predicates were separate." (U.S. Supp. Br. at 12.)

Respectfully submitted,

Francis M. Hamilton III
United States Attorney

By:     *s/ Luke A. McLaurin*
Luke A. McLaurin
Assistant United States Attorney


cc:    Erin P. Rust, Counsel for Gerald Campbell